UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS
United States District Court
Southern District of Texas
**ENTERED**
September 05, 2018
David J. Bradley, Clerk

United States of America, §
§
        Plaintiff, §
§
versus §      Criminal H-13-409-1
§      (Ancillary Civil Action H-16-1222)
§
Jose Gutierrez Villa, §
§
        Defendant. §

## Opinion on Vacatur

In December of 2013, under a plea agreement with the government, Jose Gutierrez Villa pleaded guilty to being an alien illegally present in the United States after having been deported for having been convicted of an aggravated felony. In March of 2014, Villa was sentenced to 120 months of custody with the Bureau of Prisons. His attorney filed a notice of appeal attacking his conviction and sentence. Sixteen months later, the court of appeals dismissed the appeal as frivolous.

On May 3, 2016, Villa filed a motion to vacate his sentence under 28 U.S.C. § 2255. That June, this court denied his motion. In July, Villa asked the court to reconsider its denial. In July, the court denied the motion to reconsider. The court of appeals now asks this court for written reasons why it denied Villa's petition to vacate.

The court of appeals insists that, while it may summarily deny the appeal in this case with a nonspecific opinion, this court must supply an opinion articulating the reasons for the denial of Villa's habeas corpus petition. This is – as it concedes – not required by the rules but necessary for its convenience, making district courts its briefing clerks for its briefing clerks.[1]

1.    *Ineffective Assistance.*

Because Villa appealed his sentence, lost, and abandoned a further appeal, ineffective assistance of counsel is nearly his only opportunity. For Villa to be entitled

---

[1] See generally *Vaksman v. Univ. of Houston*, 733 F. Supp. 52 (S.D. Tex. 1990).

to relief on an ineffective assistance of counsel claim, he must show that counsel was deficient and that the deficiency prejudiced him so that he did not have a fair trial.[2] The judicial scrutiny of counsel during a case is deferential, and the presumption is that trial counsel rendered adequate help and that the challenged actions could be considered a reasoned trial strategy.

Villa claims that he did not waive his right to appeal when he signed his plea agreement because Deputy Attorney General James Cole told prosecutors not to enforce waivers against claims of ineffective assistance of counsel. He also said do not enforce it if you conclude that defense counsel was constitutionally defective or would be viewed by reasonable jurists as debatably defective. Villa has no fact supporting the inadequacy of the representation. When the court inquired, he said he had talked with counsel and was pleased with her work. Mr. Cole cannot rule in any particular case.

2. *Plea Colloquy.*

Villa claims the court participated in plea negotiations during the colloquy because the transcript shows that he said that if he continued "to plead [not] guilty, there would be no jury ... and I'll find you guilty...." After reviewing the audiotape, the court found that the word "not" before "guilty" during the exchange was omitted. The court reporter listened to the audiotape and has corrected the transcript. His lawyer could not have been expected to object to something that did not happen. The prosecutor also did not object.

Villa had signed his agreement with the government before the colloquy began. The agreement was not modified during his hearing. The court did not persuade him to do anything.

Even with the incorrect version of the transcript, Villa said that he was guilty before the transcription error.[3] Villa reaffirmed his guilty plea four more times during the colloquy.[4] For instance, after the court read him his rights, the transcript says:

---

[2] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] Rearraignment Tr. 5:17.

[4] *See* Rearraignment Tr. 5:17, 6:17, 7:2, 7:20.

The court: Having gone over these rights with you, do you still want to plead guilty?

The defendant: Yes.[5]

The court further questioned Villa about his guilt, and he reaffirmed it during the elements of his crime discussion.

The court: Do you have any question about the parts of your offense?

The defendant: No. That's correct. I am guilty.[6]

Each of the claims is the same. He agreed to waive his appeal as part of his agreement with the government. The court asked him about his agreements, happiness with counsel, free choice, age, education, health, and understanding of immigration consequences. It did not propose or recommend a plea or sentence.

He objects to the plea because he wanted an upper limit in the agreement, and his lawyer did not get one. The government's position in the negotiations is not within the control of defense counsel.

3. *Sentence Calculation.*

Villa asserts that his lawyer should have objected to the court's calculation of his sentence. She did. The record is clear about how and why the court imposed his sentence. Villa has a history of returning to the United States. He was granted voluntary returns to Mexico twice, has been deported four times, and has one prior immigration conviction where he received unsupervised probation. After each removal or deportation, Villa promptly returned to the United States and committed another crime.

Villa's claim is accurate that his presentence report says that the guideline range for imprisonment for his offense is 70 to 87 months. Instead of a sentence of 7-1/2 years, he got one of 10 years. The federal sentencing guidelines are advisory, not

---

[5] Rearraignment Tr. 6:15-17.

[6] Rearraignment Tr. 6:25-7:2.

mandatory.[7] A sentencing court is required to consider the guideline ranges, but it is permitted to alter the sentence based on other statutory concerns.[8] Upward departure from the advisory range was warranted in this case. Because of Villa's recalcitrance, he was sentenced to 120 months for returning to the United States and committing serious crimes. His sentence is one-half of the statutory range for his offense, with its maximum term of 20 years.

4. *Proper Certificate of Appealability Procedure.*

The court of appeals requests that this court supply it with its reasons for dismissing Villa's motion for relief under § 2255 – for having dismissed it just as the court of appeals summarily denied Villa's appeal. It granted a partial certificate of appeability for the sole purpose of requiring an opinion on the merits. This rather skews the certificate's function. When deciding whether to grant a certificate, a court "'should limit its examination ... to a threshold inquiry into the underlying merit of [the] claims' and ask 'only if the District Court's decision was debatable.'"[9] Deciding the merits of an appeal before deciding whether to grant or deny the certificate of appealability places "too heavy a burden on the prisoner at the COA stage."[10]

5. *The Purpose of Habeas Corpus.*

Chief Justice John Marshall referred to habeas corpus as the Great Writ and called it a "great constitutional privilege."[11] It is included in both Magna Carta and the Constitution. Its importance does not make habeas corpus into an ordinary appeal. Habeas corpus is meant to protect a petitioner from a gross miscarriage of justice that eviscerates the core of a fair trial.

---

[7] *See United States v. Booker*, 543 U.S. 220, 245 (2005).

[8] *Id.* at 245-46.

[9] *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2003)) decided five months before the remand.

[10] *Id.*

[11] *Ex parte Bollman*, 4 Cranch 75, 95 (1807).

6. *Conclusion.*

The case raised no points of uncertain law. The evidence of the facts was abundant and objective – gun possession and nationality and court records. The procedures were consonant with courtesy and law. After another careful review of the record and law, this court concludes that a panel of reasonable, fully-informed, fair-minded jurists would not find anything debatable in them.[12]

Villa's motion for his sentence to be vacated – a modern petition for writ of habeas corpus – was thus denied.

Signed on September 3, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[12] *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (Thomas, J., dissenting).